```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT


KENYA BROWN,                       :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :    Case No. 3:16-cv-781 (RNC)
                                   :
ROBERT R. SIMPSON, et al.,         :
                                   :
     Defendants.                   :
```

RULING AND ORDER

Plaintiff Kenya Brown, currently incarcerated at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, brings this action pro se for damages on state law claims of defamation and negligence. The complaint names as defendants Attorney Robert R. Simpson and the law firm of Shipman & Goodwin. Plaintiff alleges that defendants defamed him by fabricating statements that he had sexually assaulted another inmate. Because the Court does not have jurisdiction over these claims, plaintiff's complaint is dismissed.

As courts of limited jurisdiction, federal courts "possess only that power authorized by Constitution and statute." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015). Under Rule 12 of the Federal Rules of Civil Procedure, a court "must dismiss" an action "[i]f the court determines at any time that it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Moreover, even if no party has raised the issue of

subject matter jurisdiction, the court "has the duty to dismiss the action sua sponte" when subject matter jurisdiction is lacking.  Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).

Generally speaking, subject matter jurisdiction exists if a case (1) is based on federal law, or (2) is between citizens of different states and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1331 (federal question jurisdiction); § 1332 (diversity of citizenship jurisdiction).  The burden is on the plaintiff to include in the complaint allegations showing that the court has jurisdiction.

Here, plaintiff contends that diversity jurisdiction exists. See Compl. (ECF No. 1) ¶ 4.  However, the complaint contains no allegations showing that the parties are in fact citizens of different states.  Furthermore, the complaint does not invoke federal question jurisdiction, as plaintiff asserts only state-law claims for defamation and negligence.  In the absence of subject matter jurisdiction, the complaint must be dismissed. See Lovejoy v. Watson, 475 F. App'x 792 (2d Cir. 2012) (affirming sua sponte dismissal of action for lack of subject matter jurisdiction).  In light of the solicitude accorded pro se litigants, plaintiff will be permitted to amend his complaint to include a basis for subject matter jurisdiction.  See Pearson v. Reid-Robinson, 632 F. App'x 19 (2d Cir. 2016) (vacating sua

sponte dismissal of complaint for lack of subject matter jurisdiction where pro se plaintiff was not afforded leave to amend).

Accordingly, the complaint is hereby dismissed without prejudice for lack of subject matter jurisdiction.  Plaintiff will be given leave to file an amended complaint that sufficiently alleges facts showing that jurisdiction exists.  The amended complaint must be filed on or before July 13, 2016.  If no amended complaint is filed, the action will be subject to dismissal.

So ordered this 13th day of June 2016.

>            /s/ RNC
>        Robert N. Chatigny
>    United States District Judge